IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| OLUYINKA | ) | |
| --- | --- | --- |
|     Plaintiff, | ) | |
| | ) | Case Number:  8:15CV130 |
| vs. | ) | |
| | ) | |
| EASTERN NEBRASKA VETERANS HOME  et al | ) | |
| | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S BRIEF IN RESPONSE TO
DEFENDANTS' MOTION TO DISMISS**

Submitted by:
VINCENT M. EKEH, CA #212679
1904 FARNAM STREET SUITE 611
OMAHA, NE 68102
619-244-6834
ekehlawfirm@yahoo.com

Defendants motion to dismiss Plaintiff's 42 USC §1983 claims is premised on the doctrine of soverign immunity which bars any action against the state without its consent. Plaintiff concedes that the Eleventh Amendment and the Political Subdivision Tort Claim Act (PSCTA), Neb. Rev Stat §§ 13-901(7), 13-905, 13-906 13-919 and 13-920, bar claims against the State and its officials in their official capacity under 42 USC §1983. Hafer v. Melo 502 US 21, 30-31, 112 SCt 358, 116 L.Ed 2d 301 (1991). State officials are entitled to qualified immunity in cases against them in their individual capacity arising from the performance of their official duties as long as they do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald 457 US 800, 8181, 102 SCt 2727, 73 Led 2d 396 (1982).

Where failure to exercise control or direction amounts to an official policy or custom which causes the constitutional deprivation will subject the municipality to liability under 42 USC §1983. Monell v. Dep't of Soc Servs 436 US 658, 694 n58.

The court will grant a motion to dismiss only if it is obvious that the alleged defect cannot be cured by amendment. Wright v. Anthony 733 F. 2d 575, 577 (8th Cir 1984). The defect can be cured by amending the complaining naming the individual mangers and supervisors who violated her rights as protected by §1983.

Wherefore, Plaintiff prays the court to deny defendants motion to dismiss or in the alternative allow her to amend the complaint.

Respectfully submitted by:
Plaintiff

/s/ Vincent M. Ekeh
Vincent M. Ekeh

Attorney for Plaintiff.