IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OLUYINKA I. AKEREDOLU,<br><br>        Plaintiff,<br><br>vs.<br><br>EASTERN NEBRASKA VETERANS HOME, AND NEBRASKA HEALTH AND HUMAN SERVICES,<br><br>        Defendants. | **8:15CV130**<br><br>**MEMORANDUM AND ORDER** |

    Oluyinka I. Akeredolu is suing the Eastern Nebraska Veterans Home, and the Nebraska Department of Health and Human Services under Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq., and 42 U.S.C. §§ 1981 and 1983. Filing 1. The defendants have moved to dismiss these claims based on the doctrine of sovereign immunity pursuant to the Eleventh Amendment to the United States Constitution. Filing 7. For the reasons set forth below, the motion to dismiss is granted, but plaintiff will be given until March 3, 2016 to file a motion for leave to amend her complaint.

## BACKGROUND

    Akeredolu, an African American of Nigerian descent, was employed as a Staff Care Technician II at the Eastern Nebraska Veterans Home from June 2008 to June 2013. Filing 1, ¶10 at CM/ECF p. 2. Akeredolu alleges her supervisors removed her from caring for a patient because the patient stated she "did not like black people and did not like people taking care of her." Filing 1, ¶12 at CM/ECF p. 3. Akeredolu further alleges she was "subjected [to] write ups and counselings based on unsubstantiated, false, and baseless accusations." Filing 1, ¶13 at CM/ECF p. 3. She also alleges she was fired in retaliation for complaints she expressed against the Director of Nursing. Akeredolu asserts defendants' actions violated her civil rights and her right to due process. She seeks damages in the form of back pay, front pay, and attorney fees.

## ANALYSIS

    "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also, Pennhurst*

*State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984); *Nix v. Norman,* 879 F.2d 429, 431 (8th Cir. 1989). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See*, *e.g.*, *Hadley v. North Arkansas Cmty. Technical Coll.,* 76 F.3d 1437, 1438 (8th Cir. 1996), *cert. denied,* 519 U.S. 1148 (1997); *Hans v. Louisiana,* 134 U.S. 1, 15 (1890); *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981).

In this case, Akeredolu has named only the Nebraska Department of Health and Human Services (a state agency) and the Eastern Nebraska Veterans Home (a part of the Nebraska Department of Health and Human Services) as defendants. She seeks nothing but monetary damages for past alleged violations of Nebraska law. There is nothing in the record before the Court showing that the State of Nebraska waived, or that Congress overrode, Nebraska's sovereign immunity under such circumstances. Accordingly, the Eleventh Amendment precludes plaintiff's asserted claims.

In plaintiff's reply brief she suggests the complaint could be easily amended to cure the defect by adding the "individual managers and supervisors who violated her rights as protected by §1983." Filing 9 at CM/ECF p. 2. The local rules of this Court set forth the procedure for amending pleadings. *See* NECivR 15.1. "A party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR. 15.1(a). Plaintiff's reply brief did not contain a proposed amended complaint; therefore, it will not be considered a motion for leave to amend. However, in the interests of justice, the plaintiff may file a motion for leave to amend her complaint, if any, on or before March 3, 2016.

IT IS ORDERED:

1. Defendants' motion to dismiss (filing 7) is granted.

2. Plaintiff may file a motion for leave to amend her complaint, if any, on or before March 3, 2016.

3. Failure to file a motion for leave to amend her complaint on or before March 3, 2016 may result in a final dismissal of the plaintiff's complaint without prejudice and without further notice.

Dated this 1st day of February, 2016.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
United States District Judge