IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OLUYINKA I. AKEREDOLU,<br><br>     Plaintiff,<br><br>  vs.<br><br>EASTERN NEBRASKA VETERANS HOME, NEBRASKA HEALTH AND HUMAN SERVICES, LISA A. BRITT, AND Unit Manager, in her individual and official capacity; and DAWNETTE B. BREDBERG, in her individual and official capacity;<br><br>     Defendants. | 8:15CV130<br><br>FINDINGS AND RECOMMENDATION |

  This matter is before the court on Defendants Eastern Nebraska Veterans Home and Nebraska Health and Human Services', and Lisa A. Britt's respective motions to dismiss. (Filing Nos. 21 and 24). For the reasons set forth below, the motions should be granted.

BACKGROUND

  Plaintiff Oluyinka Akeredolu is an African-American woman of Nigerian descent. She resides in Nebraska and was employed as a Staff Care Technician II by Defendant Eastern Nebraska Veterans Home ("ENVH"). Akeredolu filed a complaint against the ENVH and the Nebraska Department of Health and Human Services ("NDHHS") on April 18, 2015. (Filing No. 1). The initial complaint alleged at least one patient at the ENVH asked if Akeredolu was a citizen of the United States. Akeredolu's supervisors allegedly informed Akeredolu that the patient did not like black people and "did not like people taking care of her." (Filing No. 1, ¶12 at CM/ECF p. 3). Plaintiff further alleged she was not allowed to take care of that patient and was "subjected to write ups and counseling based on unsubstantiated, false, and baseless accusations." (Filing No. 1, ¶13

at CM/ECF p. 3). She was terminated from her employment. Akeredolu alleges her race was a factor in the decision to fire her. She brought a claim based on the alleged violation of Title VII and sought only monetary damages.

Upon motion by the ENVH and NDHHS, Plaintiff's complaint was dismissed. Judge John M. Gerrard held that under the Eleventh Amendment an award of monetary relief, including for back pay or damages, is unavailable in suits against the state absent a waiver of immunity by the state or an override of immunity by Congress. The NDHHS is a state agency and the ENVH is a part of the NDHHS. Since neither Nebraska nor Congress have waived or overridden Nebraska's sovereign immunity, the complaint was dismissed. But Plaintiff was allowed to amend her complaint and name any individual employees and managers she believed violated her constitutional rights.

Plaintiff filed an amended complaint on March 15, 2015, (Filing No. 16). The Amended Complaint again names ENVH and NDHHS as defendants, but adds Lisa A. Britt and Dawnette Bredberg in their individual and official capacities. Lisa Britt is identified as the plaintiff's unit manager and Dawnette Bredberg as the Director of Nursing for ENVH. Lisa Britt was properly served with the Amended Complaint. Dawnette Bredberg has not been served.

The Amended Complaint essentially repeats the allegations, but specifies that Plaintiff was a Staff Care Technician II from June 2008 to June 2013. (Filing No. 16, ¶11 at CM/ECF p. 3). Plaintiff also alleges Britt "was aware of [some] of the[] residents' prejudices towards blacks," (Filing No. 16, ¶13 at CM/ECF p. 3), and that "Plaintiff was subjected to write ups and counselings based on unsubstantiated, false, and baseless accusations made by residents [who] openly expressed their racial prejudices." (Filing No. 16, ¶14 at CM/ECF p. 3).

The Amended Complaint further alleges:

> Defendants' termination of her employment was under color of state authority;
>
> As Oluyinka's supervisors, Lisa A. Britt and Dawnee Bredberg discriminated against Oluyinka in the terms and conditions of her employment in violation of 42 USC §1981;
>
> Defendants received complaints from Oluyinka protesting the discriminating acts of her supervisors but did nothing to intervene or ratify the situation;
>
> By such continuing discriminatory treatment, defendants' agents exposed Oluyinka to embarrassment, humiliation, severe anxiety and great emotional suffering, proximately caused by their violation of her civil rights;
>
> Lisa and Dawnette acting within the scope of their employment with the ENVH intentionally caused the ENVH to infringe on Oluyinka's civil rights by their discriminatory actions;
>
> In so doing defendants, through their agents, acted willfully and without regard for Oluyinka's civil rights;
>
> Oluyinka's employment was terminated under color of authority in retaliation for her participation in the meeting on the job complaining against the DON, Lisa Britt.

(Filing No. 16, ¶¶ 17-23 at CM/ECF p. 4).

In response, Defendants ENVH, NDHHS, and Lisa Britt have filed motions to dismiss the Amended Complaint.

3

ANALYSIS

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint does not need to contain detailed factual allegations, but mere conclusory statements and simple recitations of the elements of a cause of action are not sufficient. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. Id.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient facts which, if accepted as true, state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Absent such factual content the complaint is insufficient as a matter of law.

The court must draw on its judicial experience and common sense when deciding whether a complaint states a plausible claim for relief. Id. The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. See Twombly, 550 U.S. at 545. The court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if actual proof of those allegations seem improbable and success on the merits seems unlikely. Id. at 556.

1. Claims against ENVH and NDHHS.

Judge Gerrard's prior order dismissed plaintiff's claims for damages against the ENVH and NDHHS, both of which are state agencies. (Filing No. 13). The state of Nebraska and its governmental agencies have sovereign immunity from legal claims for damages. Doe v. Nebraska, 345 F.3d 593, 597 (8th Cir. 2003)(internal citations omitted). Plaintiff's Amended Complaint makes identical allegations against the state defendants and still requests only monetary relief. In short, as to ENVH and NDHHS, Plaintiff has not fixed the pleading defects previously identified by this court, and her claims against ENVH and NDHHS should be dismissed.

2. Claims against Lisa Britt in her official capacity.

Plaintiff added Lisa Britt as a defendant in Britt's official and individual capacities and, pursuant to 42 U.S.C. § 1983, alleges Britt violated Plaintiff's Constitutional rights by terminating Plaintiff's employment. A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, the plaintiff's claims against Lisa Britt, in her official capacity, is a claim against the NDHHS and the State of Nebraska. Eagle v. Morgan, 88 F.3d 620, 629 n. 5 (8th Cir. 1996) (quoting Graham, 473 U.S. at 165: "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity.") So for the same reasons NDHHS and ENVH are immune from suit, Lisa Britt in her official capacity is also immune, and those claims should be dismissed. See B.A.B., Jr. v. Board of Educ. of City of St. Louis, 698 F.3d 1037, 1041 (8th Cir. 2012).

3.   Claims against Lisa Britt in her individual capacity.

A plaintiff may bring suit against a state worker in his or her individual capacity under § 1981 and §1983.  However, such claims must meet the pleading requirements of Iqbal.  For the reasons set forth below, Plaintiff's claims against Britt in her individual capacity must be dismissed for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).

a.   Claims under § 1981 and Title VII.

Section 1981(a) provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

A claim based on an alleged violation of § 1981 has four elements: 1) plaintiff was a member of a protected class; 2) the defendant intentionally discriminated against the plaintiff; 3) the plaintiff engaged in protected activity; and 4) the defendant interfered with the protected activity.  Gregory v. Dillard's, Inc., 565 F.3d 464, 469 (8th Cir. 2009) (internal citations omitted).

Plaintiff Akeredolu is a member of a protected class.  But Britt asserts Plaintiff's amended complaint does not allege Britt intentionally discriminated against her.  The court agrees.

6

Plaintiff's Amended Complaint states the following: Britt was Plaintiff's unit manager; Britt was aware some patients "did not like black people;" some patients asked if Plaintiff was an illegal alien; Britt discriminated against Plaintiff; and Plaintiff's employment was terminated in retaliation for Plaintiff's "participation in the meeting on the job complaining against . . . Lisa Britt." Filing No. 16, ¶23 at CM/ECF p. 4. Plaintiff also alleges she was subject to "write ups" but does not specify by whom.

Even under the liberal pleading standards set forth in the Federal Rules of Civil procedure, Plaintiff's amended complaint falls well short of the specificity needed to state a colorable claim against Britt. A § 1981 claim requires a showing of intentional discrimination against the plaintiff – e.g, an allegation supported by facts that she was terminated from her employment due to her race and/or national origin. Plaintiff makes no more than conclusory statements that Britt discriminated against Plaintiff and that Britt was aware some of the residents made discriminatory statements against Plaintiff. Britt has no control over the residents' comments. The amended complaint does not assert Britt agreed with the residents, and it includes no factual allegations that Britt made discriminatory comments or acted in a discriminatory manner towards Plaintiff. Nor does it allege Britt took any part in disciplining or "writing up" the plaintiff. Allegations entirely unsupported by any facts are not sufficient to clear the admittedly low hurdle of Rule 12(b)(6) pleading. See Iqbal, 556 U.S. at 681 (conclusory allegations "are not entitled to be assumed true").

In short, Plaintiff cannot baldly assert Britt subjected her to intentional discrimination and fired her due to her race without pleading some facts to support her claim. Plaintiffs allegations of intentional discrimination by Britt in violation of § 1981 are unsupported by any factual allegations in the amended complaint and should be dismissed.

Plaintiff's amended complaint alternatively asserts her employment was terminated as "retaliation for participation in the meeting on the job complaining against [Britt]." The court interprets this as a claim of unlawful retaliation under Title VII. Title VII prohibits discrimination against an employee or job applicant "because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a); Robinson v. Shell Oil Co., 519 U.S. 337, 117 S. Ct. 843, 136 L. Ed. 2d 808 (1997). To establish a prima facie case of retaliation, a plaintiff must allege that: (1) she engaged in statutorily-protected conduct; (2) defendant took adverse employment action against her; and (3) a causal connection exists between the two. Wells v. SCI Mgmt., L.P., 469 F.3d 697, 702 (8th Cir. 2006); Kasper v. Federated Mut. Ins. Co., 425 F.3d 496, 502 (8th Cir. 2005). Statutorily protected conduct includes opposing an unlawful employment practice under the Civil Rights Act – such as opposing discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

As with her other claims, Plaintiff's allegation of retaliation cannot survive a motion to dismiss. Plaintiff's complaint does not allege she complained about race discrimination, or opposed any other unlawful employment practice. The amended complaint merely alleges Plaintiff took part in a meeting complaining about Britt and was fired sometime thereafter. She has not alleged participation in "protected conduct" under 42 U.S.C. § 2000e-3(a). Plaintiff's claim for retaliation under Title VII should be dismissed.

b.  Claims under § 1983.

Finally, Plaintiff asserts a claim against Britt under 42 U.S.C. § 1983. Section 1983 provides, in part:

8

> Every person who, under color [of law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. This section, in and of itself, does not create any substantive rights. Rather "it simply serves as a vehicle for 'vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that is describes.' " Henley v. Brown, 686 F.3d 634, 640 (8th Cir. 2012)(quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Thus, to establish a cause of action under § 1983, a plaintiff must identify an underlying constitutional or statutory law that was allegedly violated.

i. Equal Protection.

Plaintiff's complaint appears to raise the possibility of two different Constitutional violations. The first is a violation of the Equal Protection Clause due to alleged discrimination that led to the termination of Plaintiff's employment. To assert a cause of action under § 1983 for race discrimination under the Equal Protection Clause, the Plaintiff must allege: "(1)[s]he is a member of a protected class, (2)[s]he met [her] employer's legitimate expectations, (3) [s]he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination." Burton v. Arkansas Secretary of State, 737 F.3d 1219, 1229 (8th Cir. 2013)(quoting Pye v. Nu Aire, Inc., 641 F.3d 1011, 1019 (8th Cir. 2011)). Relief under § 1983 is available only if the employers' conduct rises to the level of intentional race discrimination. Henley, 686 F. 3d at 642.

As with her other claims, Plaintiff's § 1983 race discrimination claim fails as a matter of law. Plaintiff has not alleged an facts to support a finding of intentional

9

discrimination by Britt. Nor has Plaintiff alleged any facts supporting her conclusory accusation that Britt terminated Plaintiff's employment based on race. Thus, for all of the reasons Plaintiff's claim fails under §1981, it also fails under § 1983.

   ii. Due Process.

Plaintiff alleges "the acts and conducts of defendants are in violation of Akeredolu's due process rights under the United States Constitution. (Filing No. 16, ¶19 at CM/ECF p. 4). Plaintiff does not specify whether she is referring to her procedural or substantive due process rights. To the extent she is asserting a procedural due process claim, she must allege she had a protected property interest in her job. See Spitzmiller v. Hawkins, 183 F.3d 912, 915 (8th Cir. 1999). Plaintiff makes no such allegation.

Nebraska is an employment at-will state. Wendeln v. Beatrice Manor, Inc., 712 N.W.2d 226, 238 (Neb. 2006). While Plaintiff's status as an at-will employee could be changed by constitution, statute, or contract, (id.), she has not alleged any facts supporting an exception to Nebraska's at-will employment rule.

If Plaintiff is claiming her substantive due process rights were violated, she must allege that a government official violated one or more of her fundamental constitutional rights, and (2) that the official's conduct was "shocking to the contemporary conscience." Flowers v. City of Minneapolis, Minn., 478 F.3d 869, 873 (8th Cir. 2007). Plaintiff's amended complaint is wholly bereft of any such allegations.

Plaintiff has failed to allege conduct "shocking to the contemporary conscience," or facts supporting any protected interest in her ENVH job. As such, whether grounded on procedural or substantive grounds, Plaintiff has failed to allege a claim for recovery under the Due Process Clause.

  4. Claims against Dawnette B. Bredberg.

Plaintiff named Bredberg as a defendant in this action. There is no indication Bredberg has been served with a copy of the amended complaint and the time permitted under Rule 4(m) has now passed. The claims against Bredberg should be dismissed for want of prosecution.

Accordingly, IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that Defendants' respective motions to dismiss, (Filing Nos. 21 & 24), be granted and Plaintiff's amended complaint be dismissed with prejudice.

It is further recommended that all claims against defendant Dawnette B. Bredberg be dismissed with prejudice for want of prosecution.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Dated this 29th day of August, 2016

              BY THE COURT:

              *s/ Cheryl R. Zwart*
              United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.